UNITED STATES DISTRICT COURT

Northern District of California

CLARK PERMAR,

           Plaintiff,

  v.

SPECTRA WATERMAKERS, INC.,

           Defendant.

No. CV-09-0972 SBA (MEJ)

**ORDER RE TERMS OF SETTLEMENT**

## I. INTRODUCTION

On April 20, 2010, the parties attended a court-supervised settlement conference, at the conclusion of which terms of settlement were put on the record. Pursuant to the parties' agreement, Defendant would purchase Plaintiff's '198 Patent in the total amount of $275,000 with a specific agreed upon payment plan. Subsequently, a dispute between the parties arose over whether the '414 Patent was included in the agreement. On May 19, 2010, the parties filed a Stipulation For Magistrate to Resolve Dispute Re: Terms of Settlement. Dkt. No. 61. Each party also submitted a Proposed Order resolving the dispute and a letter setting forth its arguments in support of its proposed resolution. On November 30, 2010, the Court issued an Order approving Defendant's Stipulation, which included the '414 Patent in the sale. Dkt. No. 68. Thereafter, the present dispute arose over what additional documents must be executed to assign the patents.

## II. PARTIES' POSITIONS

**A. Plaintiff's Position**

Plaintiff argues that as part of the documents required to consummate the sale, Defendant must execute a secured payment agreement (SPA) and UCC-1, pursuant to which Defendant grants to Plaintiff a security interest in and a lien on the subject patents until the balance of the purchase price is paid in full. According to Plaintiff, the SPA, along with a UCC-1, was required in exchange for his execution of the Patent Assignments. Defendant, however, refuses to execute the SPA and UCC-1. Plaintiff, in turn, refuses to execute the Patent Assignments of the Stipulation and Order. Plaintiff

claims that because the parties have not executed the final documents, he has not received compensation for his Patents since April 20, 2010, despite the fact that Defendant has continued to use the Patents to manufacture its watermaker. Plaintiff argues that, but for this delay, he would have received an initial $75,000 down payment by June 1, 2011, and $53,333 in monthly payments of $3,333 for 16 months for a total of $128,333. This would leave a remaining purchase price of $146,666. At this point, Plaintiff contends that "[i]nstead of requiring [him] to transfer title to the patents now and accept $3,333.33 per month from [Defendant] for the next 44 months, without that obligation being secured by the SPA and UCC-1, [Defendant] should be required to finance the balance of the purchase price separately, and complete its purchase of the patents now."

Plaintiff therefore seeks the following:

(1) Defendant shall deposit into the West America blocked account the amount of $87,333, representing the amounts it owes to date for its use of the subject patents since June 1, 2010. This sum includes the $34,000 balance of the $75,000 down payment, plus $53,333, representing 16 months of the $3,333.33 monthly payments through September 2011.

(2) Defendant shall deposit $146,667 into the West America blocked account, representing the balance due of the $275,000 purchase price.

(3) Upon deposit of said sums, Plaintiff shall execute and deliver to Defendant's counsel the Patent Assignments for each patent, subject to his reservation of rights.

(4) Upon receipt of the executed Patent Assignments, Defendant's counsel will release to Plaintiff and his counsel all of the funds on deposit in the West America Account.

(5) Upon completion of the above, this action shall be dismissed.

Thus, Plaintiff now seeks an order requiring Defendant to pay the entire purchase price immediately in order to resolve the dispute.

**B. Defendant's Position**

Defendant contends that the present conflict regarding execution of the additional documents was not completely addressed by the stipulated settlement entered into on April 20, 2010. Rather, Defendant claims that when the subject of providing security in the form of a pledge or collateral by

2

Defendant or the recording of a UCC-1 in favor of Plaintiff, Defendant rejected it. Thus, Defendant argues that Plaintiff now is overreaching with his demand for the filing of a UCC-1 document.

In support, Defendant argues that the agreement includes several features that addresses Plaintiff's concerns. Specifically, upon the execution of the stipulated Settlement Agreement and dismissal of the litigation, Plaintiff will receive $75,000 and $3,333.33 per month for 5 years. Additionally, if Defendant fails to cure the default in the payment of the agreed sum at any time during the five-year period, Defendant has agreed to forfeit the '414 Patent and Plaintiff gets to keep the money he received prior to the default by Defendant. Furthermore, upon motion filed by Plaintiff and following a hearing, the Court can enter an order/judgment against Defendant for the unpaid balance, provided Plaintiff properly establishes the facts of serving a proper notice of default, failure to cure in a timely fashion, and the unpaid balance. Finally, William Edinger, President of Spectra Watermakers, Inc. has expressly agreed that this Court has personal jurisdiction over him individually without the need to file any additional action for Plaintiff to obtain this judgement should Defendant be in default of any unpaid balance. Therefore, Defendant contends that Plaintiff has adequate and substantial remedies to enforce the stipulated settlement and dismissal should Defendant default and the requirement of the additional Secured Payment Agreement and UCC-1 should be dismissed as an additional term.

### III.  DISCUSSION

Based upon the parties' arguments, the Court finds Plaintiff's request for Defendant to sign a Secured Payment Agreement and UCC-1 document as a stipulation to this already-agreed-upon settlement is unnecessary. The Court finds that Plaintiff has adequate remedies should Defendant default on payment and therefore will not require Defendant to sign additional security documents. Under the settlement agreement, should Defendant default, there are procedural steps that Plaintiff may take to enforce the payments due. Also, Defendant has indicated that should it default in payment for the '414 Patent, there will be a reversion of ownership back to Plaintiff. Additionally, Defendant has expressly agreed to personal jurisdiction over it for purposes of this settlement, and this Court retains jurisdiction over this matter to enforce the terms of this Stipulation. Therefore,

Plaintiff has adequate remedies should Defendant default in payment and will not require Defendant to sign a Secured Payment Agreement or UCC-1.

However, the Court finds that had the Settlement Conference in April of 2010 resolved the dispute, Plaintiff would have received the down payment of $75,000 by June 1, 2010, and thus began receiving his monthly payments of $3,333 starting on July 1, 2010. Therefore, the Court will order Defendant to pay Plaintiff for the past 18 months in which it has had the benefit of the use of the patents and bring Plaintiff up to date with payment all the way through December of 2011. Therefore, by December 21, 2011, Defendant will have paid Plaintiff in the amount of $134,999.

### IV.  CONCLUSION

The Court has carefully considered the parties' arguments and HEREBY ORDERS as follows:

1.   Within ten days of the execution of this Order, Defendant shall deposit **$75,000** into in a blocked account with West America Bank, account number 506-95702-6, representing the down payment due Plaintiff for the sale of the '414 and '918 Patents.

2.   Within ten days, following the deposit of $75,000 pursuant to ¶1, Plaintiff shall execute and deliver to Defendant's counsel the Patent Assignments and all documents necessary to transfer title and ownership for the '414 and '918 Patents, subject to Plaintiff's personal reservation of rights to retain a non-exclusive, royalty free right to use of both patents, including the rights to use, make, market, and sell the Clark Pump™.

3.   Within thirty days following the valid execution and transfer of title and ownership of the '414 and '918 Patent Assignments, Defendant shall pay Plaintiff in the amount of **$59,999**.

4.   Beginning January 2012, Defendant shall begin regular monthly payments of $3,333.33 to Plaintiff that will continue until the total agreed upon amount of $250,000 has been reached.

**IT IS SO ORDERED.**

Dated: November 2, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge