1  JACK SIEDMAN (State Bar #45950)
   Attorney at Law
2  P.O. Box 37
   Bolinas, CA  94924
3  Telephone: (415) 868-0997
   Facsimile:  (415) 868-0997
4  Email:  jsiedman@yahoo.com

5  Attorney for Plaintiff and Cross-Defendant
   CLARK PERMAR

6

7
                    UNITED STATES DISTRICT COURT FOR
8
                   THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11
   CLARK PERMAR                                Civil Action No:  CV-09-0972 SBA
12
            Plaintiff,                         STIPULATION FOR DISMISSAL AND
13                                             ORDER OF ALL CAUSES OF ACTION ON
        vs.                                    THE COMPLAINT AND CROSS-
14                                             COMPLAINT.
   SPECTRA WATERMAKERS. INC.
15
            Defendant.
16
                                       /
17

18

19

20 SPECTRA WATERMAKERS, INC.

21          Cross-Complainant

22      Vs

23 CLARK PERMAR
            Cross-Defendant.
24 _____/

25

26      Plaintiff Clark Permar, by and through his attorney of record, files this Stipulation for

27 Dismissal pursuant to Federal Rules of Civil Procedure 41(a)(1)(ii).

28      The plaintiff filed the complaint in this action on March 5, 2009.

                                            1
_____
*PERMAR v SPECTRA WATERMAKERS, INC.,CV-09-0972 SBA*
**STIPULATION & ORDER FOR DISMISSAL**

The defendant filed and answer and cross-claim against the plaintiff on May 7, 2009. This Stipulation For Dismissal of the Complaint and Cross-Complaint is made and entered into by and between Plaintiff and Cross-Defendant Clark Permar ("Permar") and Defendant and Cross-Complainant Spectra Watermakers, Inc. ("Spectra").

## **STIPULATION**

## **RECITALS**

**WHEREAS**, the above-entitled action is pending in the U.S. District Court for the Northern District of California entitled <u>Clark Permar v. Spectra Watermakers, Inc.</u>, case number CVO-09-0972 SBA, with a related cross- action filed by Spectra against Permar.  The Action is a Complaint for Declaratory Relief to declare U.S. Patent 5,462,414 (hereinafter referred to as the "'414 Patent") to be valid, and also for Patent Infringement, Injunctive Relief, and Breach of Contract for non-payment of contractual royalties on the sale of a pump utilizing said patent referred to as the Clark Pump™, the cross-action by Spectra is for Declaratory Relief; and

**WHEREAS**, various disputes and disagreements exist between the Parties regarding the '414 Patent and royalties for the manufacture and sale of the Clark Pump™ ; and

**WHEREAS**, the Parties hereto wish to fully, finally and forever resolve all disputes between them concerning the manufacture and sale of the Clark Pump™ on the terms and conditions set forth herein; and

**WHEREAS**, there is an action pending in the Superior Court of the State of California, County of Marin, entitled <u>Spectra Watermakers, Inc. v. Clark Permar</u>, case number CV 071033, which raises the same issues as those in the above federal court action :

**NOW, THEREFORE,** in consideration of the above recitals, the covenants, conditions and agreements herein contained, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereto agree as follows:

# AGREEMENT

1. **SALE OF THE '414 PATENT AND THE '198 PATENT**.  Subject to the terms and conditions set forth below, Permar sells and transfers to Spectra, all of his rights of ownership in the U.S. Patent 5,462,414 (hereinafter referred to as the '414 Patent) and U.S. Patent 5,628, 198 (hereinafter referred to as the '198 Patent) to Spectra which relates to the Clark Pump™.  Those terms and conditions are:

    a.   <u>Payment to Permar</u>.  Spectra shall pay to Permar, the amount of Two Hundred Seventy-five Thousand Dollars ($275,000), payable as follows:

        (1) Within ten (10) days of the execution of this Stipulation, there will be released to Permar the balance of approximately $41,000 deposited in a blocked account with West America Bank, account number 506-95702-6 and within that same ten (10) days of the execution of this Stipulation, Spectra will pay Permar the amount of $34,000, for a total initial payment to Permar of $75,000.

        (2) Subject to the terms set forth below, the balance of $200,000 due Permar shall be payable to Permar by Spectra in the monthly amount of $3,333.33, or more, until the total amount of $200,000 is paid in full, but not to exceed five years from the date this Stipulation is executed.  William Edinger, President and owner of Spectra, expressly agrees to personally guarantee Spectra's obligation herein.  The payments are due on the first day of each month commencing August 1, 2010, and shall be deemed past due if not received by the tenth (10th) day of the month when due.  For any payment that is past due, Permar shall make written demand on Spectra to cure the past due payment within twenty days.  If a past due payment is not received by Permar within twenty (20) days of Spectra's receipt of said demand, Spectra shall be immediately in default of this Agreement, and Permar shall be entitled to any or all of the following remedies:

            (a) Have the United States District Court for the Northern District of California pursuant to its reservation of jurisdiction to enforce the terms of this Stipulation enter Judgment in this action in favor of Permar and against Spectra terminating Spectra's ownership and use of the '414 Patent and the

3

'198 Patent, and ordering all title, ownership and rights of use to said patents to be transferred to Permar.

(b) Have the United States District Court for the Northern District of California pursuant to its jurisdiction to enforce the terms of this Stipulation enter Judgment in this action in favor of Permar and against Spectra and William Edinger individually in an amount equal to the remaining unpaid balance due on the $200,000.  In order to enforce this provision, William Edinger expressly agrees that this Court has personal jurisdiction over him individually without the need to file any additional action in order to obtain this Judgment.

(3) At any time that Spectra sells the '414 Patent and/or the "198 Patent, or Spectra itself is sold, or a majority of the shares in Spectra is sold, or at any time that Spectra's assets are liquidated, any remaining unpaid balance of the $200,000 shall be immediately due and payable in full.

(4) Time is of the essence with regard to the provisions of this Paragraph 1.a.

(5) The security interest held by Permar in the subject patents, as reflected in the terms and conditions of this Paragraph 1, shall have first priority, and Spectra expressly warrants and represents that there are no other liens against said patents.

b.  <u>Reservation of Rights to Permar</u>.  Permar shall retain non-exclusive, royalty-free rights to the use of the '414 Patent and the '198 Patent, including but not limited to the right to make, have made, use, sell, and market products covered by one or more of the claims of the '414 Patent or the '198 Patent, including but not limited to the Clark Pump™.  These rights are personal to Permar and may not be assigned, transferred or licensed to any third party, except as necessary to fulfill the already existing "have made" clause.  Permar shall account to Spectra on a quarterly basis for the number of pumps sold by him. Permar may not form or enter into a partnership or any other legal entity that includes anyone other than Permar in order to manufacture or sell any device or product cover by the terms of this agreement.

4

*PERMAR v SPECTRA WATERMAKERS, INC.,CV-09-0972 SBA*
**STIPULATION & ORDER FOR DISMISSAL**

      c. <u>Ownership of the '414 Patent</u>.  Upon execution of this Stipulation, and his receipt of the $75,000 payment referred to in Paragraph 1.a. above, Permar shall execute whatever documents are necessary to transfer title and ownership of the '414 Patent and the '198 Patent to Spectra.

      (1) *Patent Maintenance*:  Spectra shall be responsible for all patent maintenance fees to the PTO or any other governmental licensing agency to maintain in force the '414 and '198 Patents for the balance of the term of the patent.

      2. **ROYALTIES**.  The $275,000 being paid to Permar, all as set forth above, includes any and all past-due royalties owed by Spectra to Permar, or which Permar claims is owed by Spectra.  Permar waives any further claim to past due royalties. Permar and his agents, successors and assigns further waives any rights Permar has or hereinafter acquires to bring any action against Spectra or its agents, successors or assigns for infringement, damages and/or royalties for the manufacture and sale of the Clark Pump™.

      3. **ENFORCEMENT**.  The Parties hereby stipulate and agree that the U.S. District Court for the Northern District of California shall retain jurisdiction over the Parties, and William Edinger, individually, and the subject matter of this action for the purposes of enforcing the terms of this Stipulation and Agreement for Dismissal, including the jurisdiction to order Permar to transfer title to the "414 and '198 Patents to Spectra.

      4. **DISMISSAL OF LITIGATION AND COVENANT NOT TO SUE**.  Subject to Paragraph 3, above, the Parties request the Court enter a dismissal pursuant to the Federal Rules of Civil Procedure, Rule 41(a)(1)(ii) dismissing the litigation pending in both the United States District Court for the Northern District of California and orders the parties to file a dismissal with prejudice of the action in the Superior Court in and for the County of Marin within ten (10) days of the Court entering the dismissal of this action pursuant to this Stipulation and Agreement.  The parties also agree and covenant that neither of them, nor William Edinger individually, shall make any further claims against the other, or file any litigation whatsoever, with regard to the '414 or '198 patent, and that their respective rights and obligations with respect

to the '414 and '198 patents, and to the manufacture of the Clark Pump, are limited to enforcement of the rights and obligations set forth in this Stipulation and Order.

5. **GENERAL PROVISIONS**.

a. <u>Waiver</u>.  No waiver or indulgence of any breach or series of breaches of this Stipulation shall be deemed a waiver of any other breach of this Stipulation or any of its provisions or affect the enforceability of the remainder of this Stipulation.

b. <u>Amendments</u>.  Any amendment, modification, addendum or revision to this Stipulation and Agreement shall be valid only if in writing, signed by the Parties to be bound, and filed with the Court and an Order entered modifying this Stipulation and Agreement.

c. <u>Successors and Assigns</u>.  This Stipulation and Agreement, and the rights, benefits, and obligations hereunder shall be binding upon and inure, jointly and severally, to the benefit or detriment, as applicable, to the Parties hereto and their respective successors, assigns, and heirs.

d. <u>Legal Costs and Expenses</u>.  In the event it is necessary to bring a motion before the Court after the execution of this Stipulation and Agreement to resolve any dispute arising out of or relating to the interpretation, construction, application, performance, breach or enforcement of this Stipulation and Agreement, the prevailing Party will be entitled to recover its costs, including reasonable attorneys' fees.  The Parties shall each bear their own costs, expenses and attorneys' fees incurred in connection with the Federal and State Court Actions referenced above or the negotiation or execution of this Stipulation.

e. <u>Entire Agreement</u>.  This Stipulation embodies and set forth the entire agreement and understanding between the Parties relating to the subject matter hereof, and supersedes all prior agreements between them.

f. <u>Notices.</u>  Any notice which a party may be required or may desire to give to Defendant Spectra, or to William Edinger individually, including any written notice of Event of Default, shall be in writing and transmitted by first class mail, e-mail and facsimile, and shall be deemed to have been given or made when sent and addressed by each of those methods, to the other party, and their counsel as set forth below. All monthly payments to Permar shall be at his address as set forth herein:

William Edinger, President
SpectraWatermakers, Inc.
20 Mariposa Road
San Rafael, California 94901
Telephone: 415.526.2780
Fax:           415.526.2787
Email:   bill@spectrawatermakers.com

Michael E. Brown, Esq.
225 Bush Street, 16th Floor
San Francisco, California 94104
Telephone: 415.439.8822
Cell: 415.531.5478
Email: mbrown@mbrownlaw.com

Clark Permar
P.O. Box 701
Bolinas, CA  94924

Jack Siedman, Esq.
P.O. Box 37
Bolinas, CA  94924
Telephone: 415. 868.0997
Facsimile:  415 868.0997
Email:  jsiedman@yahoo.com

The parties stipulate and agree that in the event any party changes their address, or, with respect to Plaintiff, changes the address to which monthly payments should be sent before the completion of payments described herein, such party will provide the other with written notice of such change of address, in accordance with this paragraph.

g. <u>Waiver of Civil Code Section 1542.</u>  Each of the Parties executing this Stipulation & Agreement hereby acknowledge, and have been advised by their respective legal counsel, that they understand California Civil Code Section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with (Plaintiff).**

7

*PERMAR v SPECTRA WATERMAKERS, INC.,CV-09-0972 SBA*
**STIPULATION & ORDER FOR DISMISSAL**

Each Party hereto waives the provisions of Civil Code Section 1542, and the provisions any and all similar provisions contained in the laws of any and all other jurisdictions, to the fullest extent that they may lawfully waive all such rights.  Each Party hereto acknowledges and agrees that this waiver is an essential and material term of this Agreement, without which the consideration relating hereto would not have been delivered. Each Party hereto acknowledges that they  may hereafter discover facts different from or in addition to those each now knows or believes to be true with respect to the matters released herein or set forth herein, and each Party hereto agrees that the releases and agreements contained herein shall be and will remain effective in all respects notwithstanding the discovery of such different or additional facts.

h. <u>Termination of Rights Under Prior Agreements.</u> This Stipulation and Agreement supersedes and replaces any prior agreements, written or oral, between Plaintiff and Defendant regarding any matter.

Dated:  2/13/12                                                   Dated: 4/20/12

**CLARK PERMAR**                                          **SPECTRA WATERMAKERS, INC.**


By:  <u>s/s CLARK PERMAR</u>                            By:  <u>s/s WILLIAM EDINGER</u>
                                                                                     William Edinger, President



                                                                           By: <u>s/s WILLIAM EDINGER</u>
                                                                                     William Edinger, Individually

Approved as to form:


By: <u>s/s JACK SIEDMAN</u>                              By: <u>s/s MICHAEL E. BROWN</u>
    Jack Siedman, Esq.                                            Michael E. Brown, Esq.
    Attorney for the Plaintiff                                    Attorney for the Defendant
    Clark Permar                                                       Spectra Watermakers, Inc.

**ORDER**

**PURSUANT TO THE STIPULATION AND AGREEMENT SET FORTH ABOVE: IT IS HEREBY ORDERED THAT:**

1. Pursuant to the Stipulation and Agreement set forth above this Court following the entry of the Order dismissing this action shall retain jurisdiction to enforce the Stipulation and Agreement and the Stipulation and Agreement are incorporated by reference in this Order and shall become the Order of this Court upon the entry of the Order by the Clerk of the Court.

2. Pursuant to the Stipulation and Agreement by the parties and the consent of the Court the Complaint and Cross-Complaint are hereby dismissed pursuant to FRCP, Rule 41(a)(1)(ii).

Dated: _5/17/12

_____
JUDGE OF THE U.S. DISTRICT COURT

*PERMAR v SPECTRA WATERMAKERS, INC.,CV-09-0972 SBA*
**STIPULATION & ORDER FOR DISMISSAL**